UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEALTH BY HEALTH, INC., | CASE NO. C09-1444JLR |
| Plaintiff / Counter-Defendant, | ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| JEFFREY R. ERICSON, et al., | |
| Defendants / Counter-Claimants / Third-Party Plaintiffs, | |
| v. | |
| KEVIN IP, et al. | |
| Third-Party Defendants. | |

This matter comes before the court on the following motions: (1) Plaintiff / Counter-Defendant Wealth by Health, Inc. ("WBH California") and Third-Party

ORDER- 1

Defendant Kevin Ip's motion for partial summary judgment ("WBH Mot."[1] (Dkt. # 73)); (2) Defendants / Counter-Claimants / Third-Party Plaintiffs Jeffrey R. Ericson, Jodi Ericson, and the Camano Coffee Entities'[2] (collectively, the "Ericson Defendants") motion for partial summary judgment ("ED Mot." (Dkt. # 80)); and (3) Third-Party Defendant Ronald R. DeMiglio's[3] joinder and motion for partial summary judgment (Dkt. # 84). Having considered the submissions of the parties, the record, and the relevant law, and having heard oral argument, the court GRANTS in part and DENIES in part the parties' motions for summary judgment.

## I. ANALYSIS

The court informed the parties at oral argument that it would issue a brief order on the motions for summary judgment in order to aid the parties' preparations for trial. Accordingly, in light of the many factual disputes in this case, the court does not recite the extensive background of this case. Rather, the court assumes that the parties are familiar with the facts and discusses the material facts in context as they apply to the claims at issue in the motions for summary judgment.

---

[1] All pleadings relating to WBH California and Mr. Ip's motion are denoted "WBH" (for example, WBH Mot. and WBH Resp.); all pleadings relating to the Ericson Defendants' motion are denoted "ED" (for example, ED Mot. and ED Resp.).

[2] The "Camano Coffee Entities" are Espresso Americano International, LLC ("EAI"), EA Delivers.com, LLC, Camano Island Coffee Roasters, LLC, Frozen X-Plosion, LLC, Camano Island Management, Inc., Camano Commons, LLC, and EA Brevita Cooperative Association.

[3] Mr. DeMiglio and his wife were originally defendants in this case until WBH California settled its claims against them. (Dkt. # 33, 60.) The Ericson Defendants then filed third-party claims against Mr. DeMiglio. (Dkt. # 63.)

**A. Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits, when viewed in the light most favorable to the non-moving party, "show[s] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323.

**B. Mr. Ip's Notice of Ratification**

The Ericson Defendants assert that they are entitled to summary judgment because WBH California is not the real party in interest for its claims of state and federal securities violations and fraud because it never intended to invest in EAI. Rather, according to the Ericson Defendants, only Beijing Yi Mei Fu Jian Culture Development, Ltd. ("WBH Beijing"), the Chinese entity that WBH California and its chief executive officer, Mr. Ip,[4] purported to represent, intended to invest in EAI. As a result, the Ericson Defendants content, WBH Beijing, and not WBH California, is the "real party in interest" with a right to pursue the securities and fraud claims.

---

[4] Mr. Ip is the only officer and shareholder of WBH California. (Rein Decl. (Dkt. # 94) Ex. A ("Ip Dep.") at 31.) WBH California is unrelated to WBH Beijing, and Mr. Ip has no ownership interest in WBH Beijing. (*Id.* at 50, 124-25.)

On March 16, 2011, in an attempt to cure any "real party in interest" problems with respect to the relationship between Mr. Ip and WBH California, Mr. Ip filed a "Notice of Ratification" which states:

> Please take notice that Kevin Ip has ratified the causes of action brought by Wealth by Health, Inc. against Defendants Jeffrey Ericson, et al., and has assigned any and all rights that he may have under said causes of action, and agrees to be bound by judgment regarding same, as set forth in the declaration of Kevin Ip submitted herewith, and in accordance with Fed. R. Civ. P. 17(c)[5].

(Not. of Ratif. (Dkt. # 113); *see also* Ip Ratif. Decl (Dkt. # 114).)

Federal Rule of Civil Procedure 17(a)(1) provides that an action must be prosecuted in the name of the real party in interest. To demonstrate that it is the real party in interest, a plaintiff "must allege facts sufficient to reveal that [it] has suffered an injury, that the injury was caused by the defendant's illegal conduct, and that [its] injury could be redressed by a favorable outcome to the lawsuit." *See* Schwarzer et al., *Civil Procedure Before Trial*, 7:3 (Rutter 2010). Rule 17(a)(3) further provides that the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. Fed. R. Civ. P. 17(a)(3). "[M]ost courts have interpreted [Rule 17(a)(3)] as being applicable only when the plaintiff brought the action in [its] own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *Wieburg v. GTW*

---

[5] Because Fed. R. Civ. P. 17(c) involves suing on behalf of a minor or incompetent person, the court assumes that Mr. Ip intended to cite Rule 17(a)(3).

ORDER- 4

1 *Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (citing cases). *See Goodman v. United States*, 298 F.3d 1048, 1053-54 (9th Cir. 2002) (citing *U.S. for Use and Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989)).

The court concludes that Mr. Ip's purported "ratification" is not effective. The determination of the correct party to bring this action should not have been difficult, and there are no grounds to find that Mr. Ip or WBH California made an "understandable mistake." *See Goodman*, 298 F.3d at 1053-54. Mr. Ip and WBH California have always been in the best position to know which of them possessed the right to assert their claims, and there are no difficult questions of law that would have made determining the "real party in interest" challenging in this case. *Cf. Goodman*, 298 F.3d at 1054. The court therefore strikes Mr. Ip's "notice of ratification." As discussed below, however, there remain issues of material fact regarding whether WBH California is the "real party in interest" for claims of securities violations.

**C.     WBH California's Claims**

    1.  Settlement with Agent

The Ericson Defendants argue that they are entitled to summary judgment on all of WBH California's claims because WBH California released all of its claims against the Ericson Defendants by settling with Mr. DeMiglio, who WBH California had alleged was the Ericson Defendants' agent. In the alternative, Ericson Defendants ask the court to, "at a minimum," rule that WBH California's claims against them be reduced, as a matter of law, by the amount of the settlement with Mr. DeMiglio.

The Ericson Defendants contend that they should be released based on the settlement with Mr. DeMiglio pursuant to *Glover v. Tacoma Gen. Hospital*, 658 P.2d 1230 (Wash. 1983), *overruled on other grounds by Crown Controls, Inc. v. Smiley*, 756 P.2d 717 (Wash. 1988). The Washington Court of Appeals has explained *Glover* and its progeny as follows:

> The release of an agent as a result of a reasonable settlement may extinguish a vicarious liability claim against the principal. After a plaintiff has settled with an agent, the trial court may discharge a principal if the court approves the settlement as reasonable. However, in that situation, the principal is released by operation of law only where the agent is deemed "solvent." If the agent is deemed to be insolvent or incapable of making the plaintiff whole, the principal is entitled only to an offset of the settlement amount against any judgment it incurs.

*Hogan v. Sacred Heart Med. Ctr.*, 2 P.3d 968, 971 (Wash. Ct. App. 2000) (citing *Glover*, 658 P.2d at 1238-39; *Vanderpool v. Grange Ins. Ass'n*, 756 P.2d 111, 113 (Wash. 1988)).

Here, WBH California's claims against the Ericson Defendants are not based solely on their alleged vicarious liability for Mr. DeMiglio's actions, and the court concludes, following its review of the evidence, that there are genuine issues of material fact regarding whether Mr. DeMiglio was acting as an agent for Mr. Ericson or for EAI. The court therefore denies the Ericson Defendants' motion for summary judgment on WBH California's claims based on the settlement with Mr. DeMiglio.

    2. <u>WBH California's First Cause of Action: Ericson Defendants' Violation of Sections 5(a) and 5(c) of the Securities Act</u>

WBH California contends that it is entitled to summary judgment on its claim that Mr. Ericson and EAI offered and sold unregistered securities in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & (c). The Ericson Defendants cross-

ORDER- 6

move for summary judgment on two grounds: (1) that WBH California is not the "real party in interest" on this claim, and (2) that there is no evidence that WBH California is a "purchaser" as required for civil liability to attach.

A private investor's right of action for violations of Sections 5(a) and 5(c) is provided by Section 12(1), which provides that "[a]ny person who-- . . . offers or sells a security in violation of section 77e of this title, . . . shall be liable . . . to the person purchasing such security from him. . . ." 15 U.S.C. § 77l(a). "The purchase requirement clearly confines § 12 liability to those situations in which a sale has taken place. Thus, a prospective buyer has no recourse against a person who touts unregistered securities to him if he does not purchase the securities." *Pinter v. Dahl*, 486 U.S. 622, 645 (1988). The term "security" is defined to include "investment contract[s]." 15 U.S.C. § 77b(a)(1). To determine whether a transaction is an investment contract, the "test is whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946).

The court observes that there is substantial evidence, including Mr. Ip's own deposition testimony, pointing to a finding that WBH California did not purchase securities in EAI, but rather made a deposit of good-faith money on behalf of WBH Beijing that would be returned on demand. (*See, e.g.*, Metz Decl. (Dkt. # 75) Ex. 5 ("Ip Dep.") at 65-67, 109, 143; Ip. Decl. (Dkt. # 74) ¶¶ 16-18.) However, as WBH California points out, Mr. Ericson characterized the $600,000 custody deposit as a down payment on a $4,000,000 investment in EAI (Rein Decl. (Dkt. # 94) Ex. B ("Ericson Dep.") at 276),

ORDER- 7

and Mr. DeMiglio states that he understood that Mr. Ip intended the $600,000 to be used immediately and for the advancement of EAI. (Rein Decl. Ex. E ("DeMiglio Dep. Vol. II") at 62-63.) Therefore, viewing the evidence in the light most favorable to the non-moving party, as it must, the court concludes that there is a genuine issue of material fact regarding whether the $600,000 custody deposits constituted a purchase of EAI securities. In addition, with respect to the Ericson Defendants' "real party in interest" argument, there is an issue of material fact regarding whether WBH California, as opposed to Mr. Ip or WBH Beijing, paid the $600,000 custody deposit to EAI. The court denies both WBH California's motion for summary judgment and the Ericson Defendants' cross-motion for summary judgment on WBH California's claim for violations of Sections 5(a) and 5(c) of the Securities Act.

   3. WBH California's Second Cause of Action: Fraud in Connection with the Purchase and Sale of Securities

The Ericson Defendants contend that they are entitled to summary judgment on WBH California's second cause of action for fraud in connection with the purchase and sale of securities pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, because WBH California was neither a purchaser nor a seller of securities – rather, the evidence shows that only WBH Beijing ever intended to purchase securities.

As with claims under Section 5, claims under Section 10(b) and Rule 10b-5 are limited to actual purchasers and sellers of securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731 (1975). Because, as discussed above, there is a genuine issue

of material fact regarding whether WBH California purchased securities, the court denies the Ericson Defendants' motion for summary judgment on WBH California's claim for fraud in the connection with the purchase and sale of securities.

    4. <u>WBH California's Third Cause of Action: Ericson Defendants' Violation of the Securities Act of Washington (RCW 21.20.140)</u>

WBH California contends that it is entitled to summary judgment on its claim that the Ericson Defendants violated the Securities Act of Washington, RCW ch. 21.20. The Ericson Defendants cross-move for summary judgment on the ground that WBH California was neither a purchaser nor a seller of securities under Washington law.

Under RCW 21.20.140, securities sales are unlawful unless (1) the security is registered under state law, (2) the security or transaction is exempt under state law, or (3) the security is a federal covered security, a Form D has been filed, and the required fees are paid within fifteen days of the sale. *Chanana's Corp. v. Gilmore*, 539 F. Supp. 2d 1299, 1303 (W.D. Wash. 2003). RCW 21.20.430(1) provides a private cause of action against any person who offers or sells a security in violation of RCW 21.20.140 (1) or (2), among other provisions. Civil actions under RCW 21.20.430, however, are limited to defrauded securities purchasers and sellers, not mere offerees. *Interlake Porsche & Audi, Inc. v. Bucholz*, 728 P.2d 597, 606 (Wash. Ct. App. 1986). Consistent with federal securities law, the Washington Act includes "investment contracts" within the definition of a security. RCW 21.20.005(12)(a); *Ito Int'l Corp. v. Prescott, Inc.*, 921 P.2d 566, 571-72 (Wash. Ct. App. 1996) (defining an "investment contract" security under Washington law as "(1) an investment of money (2) in a common enterprise and (3) the efforts of the

promoter or a third party must have been fundamentally significant ones that affected the investment's success or failure").

As it did with WBH's federal securities claims, the court concludes that there is a genuine issue of material fact regarding whether WBH California purchased securities from the Ericson Defendants. The court therefore denies both WBH California's motion for summary judgment and the Ericson Defendants' cross-motion for summary judgment on WBH California's claim for violations of the Securities Act of Washington.

        5.   <u>Claims against Camano Coffee Entities other than EAI</u>

The Ericson Defendants contend that they are entitled to summary judgment on all of WBH California's claims against the following companies because they had no dealings with WBH California: EA Delivers, LLC, EA Brevita, Inc., Camano Island Coffee Roasters, LLC, Frozen X-Plosion, LLC, Camano Commons, LLC, EA (Brevita) Cooperative Association, and Camano Island Management, Inc.

WBH California agrees to dismiss its claims against EA Delivers, LLC, EA Brevita, Inc., and EA (Brevita) Cooperative Association because these entities either are defunct or never existed. (ED Resp. (Dkt. # 88) at 13.) WBH California contends, however, that summary judgment against the remaining Camano Coffee Entities is inappropriate because those entities commingled funds with EAI such that they cannot be considered separate entities from EAI. (*Id.* at 13-14.) The Ericson Defendants do not respond to this argument. Having reviewed the evidence, in particular the deposition of the Camano Coffee Entities' business manager, Caren Manhardt (Metz Decl. Ex. 3), the court concludes that there are genuine issues of material fact regarding whether these

ORDER- 10

entities are so intertwined with EAI that the court should pierce the corporate veil in this case. The court therefore grants the Ericson Defendants' motion for summary judgment dismissing EA Delivers LLC, EA Brevita, Inc., and EA (Brevita) Cooperative Association from this action; but denies the Ericson Defendants' motion for summary judgment of claims against Camano Island Coffee Roasters, LLC, Frozen X-Plosion, LLC, Camano Commons, LLC, and Camano Island Management, LLC.

6.  Claims against Mr. and Mrs. Ericson Individually

WBH California asserts securities fraud claims as well as common law fraud, conversion, breach of fiduciary duty, and unjust enrichment claims against Mr. and Mrs. Ericson in their individual capacities. The Ericson Defendants argue that the Ericsons are entitled to summary judgment regarding their individual liability because (1) WBH California dealt only with EAI, through its agent Mr. DeMiglio, and not with the Ericsons individually and (2) the Ericsons made no individual agreements with or misrepresentations to WBH California. WBH California counters (1) that its claims are based on Mr. Ericson's individual actions and (2) that it can "pierce the corporate veil" to find Mr. and Mrs. Ericson personally liable for the acts of EAI. The Ericson Defendants do not respond to WBH California's arguments.

The Washington Supreme Court recently summarized the rules governing the personal liability of the members of an LLC:

> In general, members and managers of a limited liability company are not personally liable for the company's debts, obligations, and liabilities. RCW 25.15.125(1). There are exceptions to this general rule. For example, an individual member is personally liable for his or her own torts. RCW 25.15.125(2). A member is also liable for contributions to which they have

> agreed and for the return of distributions made while the limited liability company is insolvent or which render the limited liability company insolvent if the member knew the distribution was wrongful. RCW 25.15.195(1), .235(2). Under RCW 25.15.060, a member may also be liable under the theory of piercing the veil of the limited liability company if respecting the limited liability company form would work injustice, in the same way that an individual may be personally liable under the theory of piercing the corporate veil. In general, to pierce the corporate veil the plaintiff must show that the corporate form was used to violate or evade a duty and that the corporate veil must be disregarded in order to prevent loss to an innocent party. By analogy, then, a plaintiff would have to show that the limited liability company form was used to violate or evade a duty and that the limited liability company form must be disregarded to prevent loss to an innocent party.

*Chadwick Farms Owners Ass'n v. FHC LLC*, 207 P.3d 1251, 1262 (Wash. 2009) (internal case citations omitted).

Having reviewed the evidence in the record, including, in particular, the deposition of Ms. Manhardt, the court concludes, viewing the evidence in the light most favorable to WBH California, that (1) WBH has asserted individual acts by Mr. Ericson that could lead to liability and (2) there is evidence in the record that establishes a genuine issue of material fact regarding whether the corporate veil should be disregarded in this instance. (*See* ED Resp. at 5-6 for a summary.) The court therefore denies the Ericson Defendants' motion for summary judgment on claim asserted against Mr. and Mrs. Ericson in their individual capacity.

**D.     The Ericson Defendants' Counterclaims**

   1. Breach of Contract, Conversion, Promissory Estoppel, Unjust Enrichment, and Fraud

WBH California moves for summary judgment on the Ericson Defendants' counterclaims for breach of contract, conversion, promissory estoppel, unjust enrichment

and fraud.  The Ericson Defendants' claims are based on the same general set of representations by WBH California "that it would pay for certain assets and services supplied by [EAI] and that it would invest certain sums with [EAI] in an amount equal to or greater than $4,000,000" and on WBH California's retention of EAI's intellectual property.  (*See, e.g.,* 2d Am. Ans. (Dkt. # 63) ¶¶ 40-41, 44-46, 47-49, 50, 54-58.)

In their response, the Ericson Defendants stipulate to dismissal of their breach of contract, conversion, promissory estoppel, and unjust enrichment claims against WBH California because WBH Beijing, and not WBH California, is actually the company that sought to invest $4,000,000 in EAI and that allegedly possesses EAI's intellectual property.  (WBH Resp. (Dkt. # 95) at 24.)  At oral argument, the Ericson Defendants conceded that their fraud claim against WBH California should also be dismissed because it was based on the same representations that it alleges were actually made by WBH Beijing.  The Ericson Defendants make clear, however, that they wish to preserve these counterclaims with respect to WBH Bejing in the event that WBH Bejing files its own lawsuit against them.

In light of the Ericson Defendants' stipulation and their statements at oral argument, the court GRANTS WBH California's motion for summary judgment on the Ericson Defendants' breach of contract, conversion, promissory estoppel, unjust enrichment, and fraud counterclaims asserted against WBH California.

### 2. Civil Conspiracy by WBH California, Mr. Ip, and Mr. DeMiglio

WBH California and Mr. Ip contend that they are entitled to summary judgment on the Ericson Defendants' counterclaim and third-party claims for civil conspiracy. Mr. DeMiglio joins in WBH California and Mr. Ip's motion.

The Ericson Defendants' counterclaim and third-party claims for civil conspiracy against WBH California, Mr. Ip, and Mr. DeMiglio are based on "negotiations and agreements occurring by telephone, in person, and by email in 2009 in Washington, California, and China" including alleged agreements to unlawfully interfere with the Ericson Defendants' business expectancies; to unlawfully entice employees of the Ericson Defendants to work for WBH California; to unlawfully take control over certain "key accounts;" and to obstruct justice and commit fraud on the court. (2d Am. Ans. ¶¶ 59 (WBH California), 62 (DeMiglio), 84 (Ip).)

To establish a civil conspiracy, the plaintiff must "prove by clear, cogent and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy." *Wilson v. State*, 929 P.2d 448, 459 (Wash. Ct. App. 1996) (citing *Corbit v. J.I. Case Co.*, 424 P.2d 290, 295 (Wash. 1967)). "Mere suspicion or commonality of interests is insufficient to prove a conspiracy." *Id.* "A properly plead conspiracy must set forth with particularity the facts and circumstances constituting the alleged conspiracy." *Swartz v. KPMG, LLC*, 401 F. Supp. 2d 1146, 1157 (W.D. Wash. 2004), *overruled on other grounds by* 476 F.3d 756 (9th Cir. 2007).

ORDER- 14

At oral argument, the Ericson Defendants conceded that summary judgment is appropriate on their claims for civil conspiracy based on interfering with business expectancies; enticing employees to work for WBH California, and conversion of "key accounts." The court therefore grants WBH California's, Mr. Ip's and Mr. DeMiglio's motions for summary judgment on the civil conspiracy claims based on these allegations.

With respect to the Ericson Defendants' claim for civil conspiracy to obstruct justice or commit fraud upon the court, WBH California, Mr. Ip and Mr. DeMiglio first argue that it was improperly pleaded because it did not allege the specific tort underlying the claim. This argument is not persuasive. *Oregon Laborers Emp'rs Health & Welfare Trust Fund v. Philip Morris,* 185 F.3d 957, 969 (9th Cir. 1999) does not stand for the proposition that a specific tort must be pleaded; rather, because the civil conspiracy claim was based entirely on claims that the court had ruled were not viable, the alleged conduct was not "unlawful" as required to maintain a civil conspiracy claim.

WBH California, Mr. Ip, and Mr. DeMiglio also argue that the Ericson Defendants cannot prove that there was an agreement to produce false emails, false affidavits, or other false documents for WBH California to use in this litigation. Having reviewed the evidence, however, the court concludes that Mr. DeMiglio's deposition testimony establishes a genuine issue of material fact regarding whether he and Mr. Ip agreed to produce false documents. (*See, e.g.,* Rein Decl. (Dkt. # 94) Ex. D ("DeMiglio Dep. Vol. I") at 204, 206, 208-09; DeMiglio Dep. Vol. II at 53-56, 63-64, 69 (discussing iterations of emails and letters).) The court therefore denies the motion for summary judgment

ORDER- 15

with respect to the claim of civil conspiracy to obstruct justice or commit fraud upon the court.[6]

## II. CONCLUSION

For the foregoing reasons, the court:

1. STRIKES Mr. Ip's purported "Notice of Ratification" (Dkt. # 113) because it does not meet the requirements for a Rule 17(a)(3) ratification.

2. GRANTS in part and DENIES in part WBH California and Mr. Ip's Motion for Partial Summary Judgment (Dkt. # 73). Specifically, the court:

   - DENIES WBH California's motion for summary judgment on its claims for violations of federal and state securities laws because there is an issue of material fact regarding whether it was a purchaser of securities;

   - GRANTS WBH California's motion for summary judgment on the Ericson Defendants' counterclaims for breach of contract, conversion, promissory estoppel, unjust enrichment, and fraud based on the Ericson Defendants' stipulation that these claims are properly asserted against WBH Beijing;

   - GRANTS WBH California and Mr. Ip's motion for summary judgment on the Ericson Defendants' claims for civil conspiracy based on alleged agreements to unlawfully interfere with business expectancies, to entice employees to leave Ericson, or to convert key accounts; and

---

[6] At oral argument, Mr. DeMiglio argued that falsified emails or other documents could not be the basis of a civil conspiracy claim to obstruct justice or commit fraud on the court. Some of the emails at issue, however, have been submitted to the court as evidence in support of WBH California and Mr. Ip's motion for summary judgment.

ORDER- 16

- DENIES WBH California and Mr. Ip's motion for summary judgment on the Ericson Defendants' claim for civil conspiracy based on an alleged agreement to obstruct justice or commit fraud upon the court.

3. GRANTS in part and DENIES in part the Ericson Defendants' Motion for Partial Summary Judgment (Dkt. # 80). Specifically, the court:

- DENIES the Ericson Defendants' motion for summary judgment based on WBH California's settlement with Mr. DeMiglio;

- DENIES the Ericson Defendants' motion for summary judgment on the ground that WBH California is not the "real party in interest";

- DENIES the Ericson Defendants' motion for summary judgment on WBH California's claims for violations of federal and state securities laws;

- GRANTS the Ericson Defendants' motion for summary judgment on WBH California's claims against EA Delivers, LLC, EA Brevita, Inc., and EA (Brevita) Cooperative Association based on WBH California's stipulation;

- DENIES the Ericson Defendants' motion for summary judgment on WBH California's claims against Camano Island Coffee Roasters, LLC, Frozen X-Plosion, LLC, Camano Commons, LLC, and Camano Island Management, LLC; and

- DENIES the Ericson Defendants' motion for summary judgment on WBH California's claims against Mr. and Mrs. Ericson in their individual capacity.

ORDER- 17

4. GRANTS in part and DENIES in part Mr. DeMiglio's Motion for Summary Judgment (Dkt. # 84). Specifically, the court:

- GRANTS Mr. DeMiglio's motion for summary judgment on the Ericson Defendants' claims for civil conspiracy based on alleged agreements to unlawfully interfere with business expectancies, to entice employees to leave Ericson, or to convert key accounts; and
- DENIES Mr. DeMiglio's motion for summary judgment on the Ericson Defendants' claim for civil conspiracy based on an agreement to obstruct justice or commit fraud upon the court.

Dated this 29th day of March, 2011.

JAMES L. ROBART
United States District Judge